943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Gino HEATWALL, Defendant-Appellant.
 No. 91-3164.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 RALPH B. GUY, JR., Circuit Judge.
 
 
 1
 The defendant, Robert Heatwall, was convicted of being a felon in possession of a firearm. 18 U.S.C. § 1922(g)(1). On appeal, Heatwall argues that he received ineffective assistance from his trial counsel. This argument is bottomed on a contention that trial counsel did not adequately challenge the felony conviction that served as a predicate for the felon in possession conviction.
 
 
 2
 Upon a review of the record, we conclude that trial counsel's performance was adequate, and we affirm defendant's conviction.
 
 
 3
 We note at the outset our disapproval of pursuing ineffective assistance of counsel claims by direct appeal rather than by seeking relief under 28 U.S.C. § 2255. Proceeding under section 2255 allows the trial judge, who is in the best position to evaluate an ineffective assistance of trial counsel claim, to have the first bite at the apple. Secondly, it allows for the holding of an evidentiary hearing, if necessary, something that we are unable to do at the appellate level. In advance of oral argument, the parties were contacted and asked to respond to the court relative to why we should proceed to hear this case on direct appeal. Counsel for both the government and the defendant assured the court that the record was complete on this issue and that judicial economy would be served by proceeding to hear this matter now. Reluctantly we do so.
 
 
 4
 In the course of conducting an investigation, the nature of which is not made known by the record, FBI agents learned that defendant, a police officer for the village of Boston Heights, Ohio, possessed at least five firearms. During FBI interviews with the defendant, he admitted to a prior conviction and ultimately was indicted and charged with being a felon in possession of a firearm. The circumstances surrounding defendant's earlier felony conviction are as follows. Heatwall was a juvenile offender who was given a custody sentence. Allegedly to escape custodial sexual abuse, Heatwall escaped and joined the armed forces, although he was considerably underage at the time he enlisted. While in the armed forces, he got into trouble and ultimately went AWOL. He was then given a dishonorable discharge.
 
 
 5
 Years later, when applying for a job with a federal agency, Heatwall failed to divulge that he had received a dishonorable discharge from the armed forces. He was subsequently prosecuted and convicted for a violation of 18 U.S.C. § 1001--making a false statement to a government agency. The conviction was as a result of a guilty plea.
 
 
 6
 At trial in this case, defendant admitted possessing the firearms and also admitted the prior federal conviction, but claimed that he did not know it was a felony conviction. The jury rejected this argument and found Heatwall guilty. On appeal, Heatwall raises only one issue. He argues that his trial counsel did not diligently pursue the circumstances surrounding his 1954 guilty plea and that the documentation supporting the 1954 conviction does not affirmatively show that the guilty plea was taken in accordance with the requirements of Boykin v. Alabama, 395 U.S. 238(1969).
 
 
 7
 Defendant's trial counsel, in the course of pretrial discovery, demanded that the government produce certified copies of the record of defendant's prior felony conviction. Since the conviction had occurred so long ago, the government had some difficulty in securing a copy of the records of conviction, but finally did so. The certified record of conviction, of course, does not in any way indicate what occurred at the time the plea was taken. Defendant argues that his trial counsel should have filed a motion to suppress and pursued the Boykin issue.
 
 
 8
 We have two problems with this argument. First, the records, although old, are in order and clearly show, as defendant admits, that he was represented by counsel throughout these 1954 proceedings. Secondly, the defendant has never alleged any violation of Boykin. Even at oral argument, defense counsel could not indicate in any way when asked what deviations from the Boykin requirements were being alleged. We reject the proposition that trial counsel, in order to be "effective," must bring a motion to suppress under these circumstances unless he has some indication that there was a deficiency in the guilty plea procedures that resulted in the individual conviction. Since appellate counsel appears to have no such information even at this late date, we certainly cannot presume such information to have been in the possession of trial counsel. A rule of law, which would require counsel to file frivolous motions in order to insulate himself from a future claim of being ineffective, is one that has little to commend it. Since defendant has eschewed the opportunity to develop more of a record on this issue in the district court, the result is that he seeks a per se rule that in every felon in possession prosecution trial counsel must move to suppress the predicate conviction whether or not he has any information of a defect in that conviction. We decline to adopt such a rule.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation